```
                           UNITED STATES DISTRICT COURT
                           SOUTHERN DISTRICT OF FLORIDA

                           CASE NO.  09-21716-CIV-UNGARO
                           MAGISTRATE JUDGE P. A. WHITE

JEAN-HENRIQUEZ LIBRUN,         :

       Petitioner,             :

v.                             :       REPORT OF
                                       MAGISTRATE JUDGE
STATE OF FLORIDA,              :

       Respondent.             :
_____
```

Jean-Henriquez Librun filed a pro-se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, while confined in INS/Homeland Security custody awaiting deportation to Haiti. Librun challenges the constitutionality of his convictions entered upon pleas of guilty in Case Nos. 03-35754, 03-35755, 04-16295, 04-10244 and 04-10245, claiming that, as a result of these convictions, he is subject to a final order of removal from the United States.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

No order to show cause was issued in this case because the files and records of the case conclusively show that the prisoner is entitled to no relief. 28 U.S.C. §2254.

The petitioner includes with his petition, exhibit "A", the

transcript of his sentencing hearing on the above cases held on October 29, 2004. The petitioner was sentenced at that time to eight months in the Dade County Jail, with no credit for time served. It is clear that the sentences for the state convictions he challenges have long expired. It is also clear that Librun is no longer in the custody of the Department of Corrections, but is now held by Homeland Security.

Because Librun is no longer "in custody" on the expired state sentences, he cannot bring a federal habeas corpus action solely attacking the expired sentence.  <u>See</u>: <u>Means v. Alabama</u>, 209 F.3d 1241 (11 Cir. 2000); <u>see also</u>; <u>Lackawanna County District Attorney, et al. v. Coss</u>, 531 U.S. 923 (2001). The only exception would be if Librun's convictions were without benefit of counsel. <u>Gideon v Wainwright</u>, 372 US 335 (1963). As demonstrated by the sentencing transcript, Librun was represented by the Federal Public Defender.

The petition is viewed as an attack upon the petitioner's current detention, pursuant to 28 U.S.C. §2241, <u>see</u> <u>Neyor v INS</u>, 155 F.Supp 127 (2001). The petitioner filed a prior petition pursuant to 28 U.S.C. §2241, Case no. 09-20304-Civ-Altonaga which was denied. Librun has now filed a notice of appeal in that case, divesting this Court of jurisdiction. <u>See</u>: <u>United States v Wilson</u>, 894 F.2d 1245 (11 Cir. 1990).

Further, as Librun is not confined in the Southern District, he would have to file his petition pursuant to 28 U.S.C. §2241 in

the correct venue, in this case the Middle District of Florida.

It is therefore recommended that this petition for writ of habeas corpus be dismissed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this day of 8th July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Jean-Henriquez Librun, Pro Se
     A076-988-358
     Hernando County Jail
     Brooksville, FL
     Address of Record